**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DWAINE H. HALL,                          )
                                         )
                    Plaintiff,           )
                                         )
                                         )   Case No. CIV-18-323-RAW-KEW
                                         )
COMMISSIONER OF THE SOCIAL               )
SECURITY ADMINISTRATION,                 )
                                         )
                    Defendant.           )

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Dwaine H. Hall (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work which exists

in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).  Social

Security regulations implement a five-step sequential process to

evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is

limited in scope by 42 U.S.C. § 405(g).  This Court's review is

limited to two inquiries:   first, whether the decision was

supported by substantial evidence; and, second, whether the

correct legal standards were applied.  *Hawkins v. Chater*, 113 F.3d

1162, 1164 (10th Cir. 1997) (citation omitted).   The term

"substantial evidence" has been interpreted by the United States

Supreme Court to require "more than a mere scintilla.   It means

---

[1]    Step one requires the claimant to establish that he is not
engaged in substantial gainful activity, as defined by 20 C.F.R. §
404.1510. Step two requires that the claimant establish that he has a
medically severe impairment or combination of impairments that
significantly limit his ability to do basic work activities.   20 C.F.R.
§ 404.1521. If the claimant is engaged in substantial gainful activity
(step one) or if the claimant's impairment is not medically severe (step
two), disability benefits are denied. At step three, the claimant's
impairment is compared with certain impairments listed in 20 C.F.R. Pt.
404, Subpt. P, App. 1. A claimant suffering from a listed impairment or
impairments "medically equivalent" to a listed impairment is determined
to be disabled without further inquiry. If not, the evaluation proceeds
to step four, where claimant must establish that he does not retain the
residual functional capacity ("RFC") to perform his past relevant work.
If the claimant's step four burden is met, the burden shifts to the
Commissioner to establish at step five that work exists in significant
numbers in the national economy which the claimant – taking into account
his age, education, work experience, and RFC – can perform. Disability
benefits are denied if the Commissioner shows that the impairment which
precluded the performance of past relevant work does not preclude
alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-
51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 45 years old at the time of the ALJ's decision. He has a high school education and worked in the past as a cook, highway maintenance worker, and store laborer. Claimant alleges an inability to work beginning on August 30, 2011, due to limitations resulting from degenerative disc disease of the cervical and lumbar spine, right shoulder impairment, neurocognitive disorder, and trauma and stressor-related disorders.

## Procedural History

On June 6, 2015, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 29, 2017, the

Administrative Law Judge("ALJ") John W. Belcher conducted a hearing in Tulsa, Oklahoma, at which Claimant appeared. On July 5, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on July 20, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

### Errors Alleged for Review

Claimant's sole contention of error is that the ALJ failed to resolve a conflict between the Dictionary of Occupational Titles ("DOT") and/or the Selected Characteristics of Occupations ("SCO") and the testimony of the vocational expert ("VE").

### Step Five Analysis

In his decision, the ALJ found Claimant suffered from degenerative disc disease of the cervical and lumbar spine, right shoulder impairment, neurocognitive disorder, and trauma and stressor-related disorders. (Tr. 17). He determined Claimant could perform light work with additional limitations. In so doing,

4

the ALJ found Claimant could lift or carry no more than twenty pounds occasionally and ten pounds frequently; push/pull limitations are consistent with lift/carry limitations; stand/walk for two hours in an eight-hour workday (standing for 15 minutes at a time and walking for 15 minutes at a time); and sit for six to eight hours in an eight-hour workday. Claimant cannot climb ladders, ropes, or scaffolds, and he can only occasionally climb stairs, balance, bend or stoop, kneel, crouch, or crawl. He can only occasionally reach above the head bilaterally, but he can frequently handle bilaterally. Claimant should avoid all hazardous or fast machinery and unprotected heights. He is limited to simple and complex tasks; superficial contact with co-workers and supervisors; no close proximity with co-workers; and incidental contact with the public. (Tr. 19).

After consultation with the VE, the ALJ determined Claimant could perform the representative jobs of document preparer, touch-up screener, and semi-conductor bonder, which the ALJ found existed in significant numbers in the national economy. (Tr. 23). As a result, the ALJ concluded Claimant was not under a disability from August 30, 2011, his alleged onset date, through December 31, 2016, the date last insured. (Tr. 24).

Claimant contends that the RFC adopted by the ALJ included a limitation that he could only "occasionally reach above the head bilaterally" and that he limited Claimant to standing only two

hours in an eight-hour workday.  He contends that the ALJ included these limitations in the hypothetical questions posed to the VE. The VE testified that although Claimant could not perform his past relevant work, he could perform the jobs of (1) document preparer (DOT 249.587-018), (2) touch-up screener (DOT 726.687-110), and (3) semi-conductor bonder (DOT 726.685-066). (Tr. 59-61).

Claimant first contends that the semi-conductor bonder job is classified as a light work job, which requires standing for six hours in a workday.  He contends there is a conflict with the RFC, which limits Claimant to standing for two hours in a workday. However, a review of the DOT description for the semi-conductor bonder job reveals that it is categorized as a sedentary job.  *See* DOT 726.685-066, 1991 WL 679631.[2]  Thus, there is no merit to this portion of Claimant's argument.

Claimant also asserts all three jobs require frequent reaching and because he is limited to only occasional reaching overhead bilaterally, the ALJ cannot rely on the VE's testimony as substantial evidence that he can perform the jobs of document preparer, touch-up screener, or semi-conductor bonder.  He maintains the VE did not inform the ALJ of the conflict between her testimony and the DOT and/or the SCO, and the ALJ failed to

---

[2]    When listing the jobs from the VE's testimony that Claimant can perform, the ALJ listed the job of semi-conductor bonder with the incorrect DOT number. (Tr. 23).  The VE's testimony reflects the accurate DOT number of 726.685-066. (Tr. 61).  This "mere scrivener's error" is harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009).

resolve the conflict in his decision.

With regard to the positions of document preparer and touch-up screener, the Commissioner makes a brief argument that the DOT job descriptions for those positions do not indicate that either position would require frequent overhead reaching. However, because the job of semi-conductor bonder clearly states it does not require frequent reaching, but only occasional reaching, the Court need not delve into the descriptions of the other two jobs.

The semi-conductor bonder job only requires occasional reaching. *See* DOT 726.685-066, 1991 WL 679631. The VE testified, and the ALJ listed in his decision, that there are 22,000 sedentary semi-conductor bonder jobs in the national economy. (Tr. 23, 61). Thus, the Commissioner contends that because there is at least one job Claimant can perform that exists in significant numbers that any error with regard to the other two jobs is harmless. However, Claimant argues that the error is not harmless, because the ALJ did not determine that the job of semi-conductor bonder, standing alone, existed in significant numbers because he made a finding of significant numbers based upon all the jobs.

"[T]he issue of numerical significance entails many fact-specific considerations requiring individualized language as applied to a particular claimant's factual situation." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004), quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). "[T]he number of

7

jobs that contributes to the 'significant number of jobs' standard looks to the national economy-not just a local area." *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (citation omitted). Here, Claimant relies upon the case of *Norris v. Barnhart*, 197 Fed. Appx. 771 (10th Cir. 2006), wherein the court reversed on other grounds, but in doing so, directed the ALJ on remand to consider the relevant factors to determine if jobs existed in significant numbers in connection with occupations totaling approximately 1500 jobs in the regional economy and 200,000 jobs in the national economy. *Id*. at 776-77. However, based upon the imprecise nature of the significant numbers analysis and later case law, this Court finds that 22,000 semi-conductor bonder jobs available in the national economy is significant. *See Rogers v. Astrue*, 312 Fed. Appx. 138, 141 (10th Cir. 2009) (testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability); *see also Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) ("The *Rogers* [*v. Astrue*] decision came out the same year as *Raymond*, and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and finds that 32,000 utility tractor jobs in the national economy is significant.").

8

Accordingly, since at least one job exists in numbers which is not in conflict with the DOT, the ALJ had substantial evidence to support his step-five determination.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE